IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00678-LTB

MAZEN J. KHERDEEN, and
JIM KHEN,

    Plaintiffs,

v.

BARACK HUSSEIN OBAMA, et al.,

    Defendants.

ORDER GRANTING MOTION FOR RECONSIDERATION

This matter is before the Court on the "Verified Notice of Excusable Neglect and Motion to Reconsider/Reinstate or Reopen Case" (ECF No. 16), filed *pro se* by Plaintiff, Mazen J. Kherdeen, on May 23, 2014. The Court must construe the document liberally because Mr. Kherdeen is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons discussed below, the motion will be construed liberally as a motion for reconsideration.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). A motion to

reconsider filed more than twenty-eight days after the final judgment in an action should be considered pursuant to Rule 60(b). *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the limit set forth under Rule 59(e)). Mr. Kherdeen's motion to reconsider was filed on May 23, 2014, 38 days after a Final Judgment was entered dismissing this action on April 15, 2014. Therefore, the motion will be construed as a motion to reconsider filed pursuant to Fed. R. Civ. P. 60(b).

Rule 60(b) provides that "on motion and just terms," a court may relieve a party from a final order because of "mistake, inadvertence, surprise, or excusable neglect . . . [or] any other reason that justifies relief." Fed.R.Civ.P. 60(b)(1), (6). The Court is mindful that relief under Rule 60(b) "is extraordinary and may be granted only in exceptional circumstances." *See Dronsejko v. Thornton*, 632 F.3d 658, 664 (10th Cir. 2011) (internal quotation marks and citation omitted).

**I. Procedural Background**

Plaintiffs, Mazan J. Kherdeen and Jim Khen, who were detained at Aurora Detention Center in Aurora, Colorado, at the time of filing, initiated this action on March 4, 2014, by submitting a Prisoner Complaint pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971). The Prisoner Complaint was signed by only one of the Plaintiffs. Messrs. Kherdeen and Khen also submitted one Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 that was signed by both Plaintiffs.

On March 6, 2014, Magistrate Judge Boyd N. Boland directed the Plaintiffs to file a Prisoner Complaint signed by both of them. He further instructed each Plaintiff to

submit a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915, along with a certified copy of his inmate trust fund account statement showing the Plaintiff's account history for the six month period preceding their filing. (*See* ECF No. 4). The Court advised Plaintiffs that they could pay the $400 filing fee in lieu of filing a § 1915 Motion and Affidavit. Magistrate Judge Boland warned Plaintiffs in the March 6 Order that failure to cure the deficiencies noted would result in dismissal of this action without further notice. Neither Plaintiff complied with the March 6 Order by the court-ordered deadline. This action was thereafter dismissed on April 15, 2014 for the Plaintiffs' failure to cure deficiencies.

Mr. Kherdeen now seeks reconsideration of the April 15 dismissal order. He states:

> Plaintiff states under penalty of perjury that he had mailed responses to all the deficiencies on Sunday, 3/16/14 at 9:00 p.m. by handing a court addressed manila envelope to GEO prison duty officer Thornton, along with kite #410 instructing her to place the envelope in the outgoing U.S. Postal mailbox.

(ECF No. 16, at 2). Plaintiff further states that Lt. Knight, Ms. Thornton's supervisor, intercepted the envelope and prevented it from being delivered by the U.S. Postal Service. (*Id.* at 3-4). On March 21, 2014, while Plaintiff was at the Denver Health Hospital psychiatric ward, he received some of his inmate property, including the envelope he had delivered to Thornton for mailing to the court. (*Id.* at 4). At that time, Plaintiff obtained another envelope and attempted to send his response to the March 6 Order to the Court, but he was advised that ICE (Immigration and Customs Enforcement) would not allow him to mail anything out of the hospital. (*Id.* at 4-5). After Mr. Kherdeen was released from the hospital, he attempted again on March 31, 2014,

to mail the compliance documents to the Court by delivering the envelope to Lt. Knight for mailing. (*Id.* at 5). However, Lt. Knight placed the envelope in Plaintiff's private property and did not mail it to the Court. (*Id.* at 5). Plaintiff discovered the unmailed documents in his private property after he arrived at his new facility in San Diego on April 3, 2014. (*Id.*). Mr. Kherdeen attempted to mail the documents to the Court on April 4 and 5, 2014, but the envelopes were returned to him without explanation. (*Id.* at 5, 6). Finally, he received notice from prison officials on April 18, 2014, that his mail was sent out on April 14, 2014. (*Id.* at 6). The Court received Plaintiff's documents on April 17, 2007, two days after this case was dismissed. (*See* ECF Nos. 7-12).[1] Mr. Kherdeen states that he received a copy of Court's April 15, 2014 Order of Dismissal on April 28, 2014. (ECF No. 16, at 1).

Mr. Kherdeen asks the Court to reinstate this action because prison officials interfered with his efforts to comply with the March 6, 2014 Order Directing Plaintiff to Cure Deficiencies and, therefore, his failure to meet the court-ordered deadline was beyond his control. Mr. Kherdeen further asserts that failure to reopen the case would prejudice him because he has lost many of the documents needed to refile this action. (ECF No. 16, at 23).

---

[1] The Court's filing system reflects that Mr. Kherdeen filed the following documents on April 17, 2014:  Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (ECF No. 7); Notice of Change of Address(ECF No. 8); Motion for Injunctive Relief (ECF No. 9); Motion to Order Prison Officials at ICE and GEO to Prepare and Deliver to Plaintiff(s) a Certified Copy of Trust Fund Account Statement (ECF No. 10); Motion for Certification as Class Action (ECF No. 11); and, a "Certificate of Compliance with Cure Deficiencies Order Dated 3/06/14" (ECF No. 12).  In ECF No. 10, Mr. Kherdeen represents that prison officials have refused to provide him with a requested copy of his inmate account statement.  The April 17 Motions were denied as moot on April 22, 2014 based on the April 15, 2014 dismissal order. (*See* ECF No. 13).

## II. Analysis

Mr. Kherdeen's factual allegations demonstrate that he made diligent efforts to comply with the Court's March 6 Order, but his efforts were thwarted repeatedly by prison officials.  Furthermore, Plaintiff has submitted documents to the Court in an attempt to comply with the March 6 Order.  The Court finds that it is in the interests of justice to provide Mr. Kherdeen the benefit of the doubt and vacate the order dismissing this action, in part.  Therefore, the Motion for Reconsideration will be granted, with respect to Plaintiff Kherdeen only.  The case will be returned to the Pro Se Docket for review under § 1915(e)(2).  The April 22, 2014 Minute Order denying ECF Nos. 7, 9, 10 and 11) shall be vacated.  Accordingly, it is

ORDERED that the "Verified Notice of Excusable Neglect and Motion to Reconsider/Reinstate or Reopen Case" (ECF No. 16), filed *pro se* by Plaintiff, Mazen J. Kherdeen, on May 23, 2014, which the Court has construed liberally as a motion for reconsideration pursuant to Fed.R.Civ.P. 60(b), is GRANTED, in part.  It is

FURTHER ORDERED that the Order of Dismissal (ECF No. 5) and the Judgment (ECF No. 6) entered in this action on April 15, 2014, are VACATED as to Plaintiff Mazen J. Kherdeen only.  It is

FURTHER ORDERED that the clerk of the Court reinstate and return this action to the Pro Se Docket.  Plaintiff Kherdeen shall be the only named Plaintiff in the reinstated case.  It is

FURTHER ORDERED that the April 22, 2014 Minute Order denying ECF Nos. 7, 9, 10 and 11 shall also be VACATED.

DATED at Denver, Colorado, this 4th day of June, 2014.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court