IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00678-BNB

MAZEN J. KHERDEEN,

    Plaintiff,

v.

BARACK HUSSEIN OBAMA, et al.,

    Defendants.

## ORDER

This *Bivens* action was dismissed on by the Court on April 15, 2014 for the Plaintiff's failure to comply with an order directing him to cure deficiencies. The action was reinstated on June 4, 2014, for good cause shown.

On March 6, 2014, the Court entered an Order Directing Plaintiff to Cure Deficiencies. (ECF No. 4). On April 17, 2014, Plaintiff filed a Motion and Affidavit for Leave to Proceed Under 28 U.S.C. § 1915. (ECF No. 7). However, the motion does not include the necessary attachments, *to wit*, the form authorizing the disbursement of filing fee payments from Plaintiff's inmate trust fund account, and a <u>certified</u> copy of Plaintiff's inmate account statement showing account activity for the six months preceding this filing.

On April 17, 2014, Mr. Kherdeen filed a "Motion to Order Prison Officials at ICE and GEO to Prepare and Deliver to Plaintiff a Certified Copy of Trust Account Statement" (ECF No. 10). In the motion, Plaintiff states that he requested copies of his inmate account statement from federal officials at his former facility prior to filing his

Complaint on March 9, 2014, but officials refused to respond to his request. The docket reflects that Plaintiff has been transferred to the San Diego Correctional Facility since he initially requested a copy of his account statement.  Accordingly, the Court will direct Plaintiff to attempt to obtain the account statement from officials at his new facility before issuing an order to comply to federal officials.

Mr. Kherdeen has also filed a "Motion for Certification as Class Action Pursuant to F.R.C.P. 23 and Request for Jury Trial" (ECF No. 11).  Plaintiff seeks to certify a class of immigrant prisoners imprisoned by ICE who are subjected to unconstitutional conditions of confinement.  A prerequisite for class action certification is a finding by a court that the representative party can "fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(4).  Because a layperson ordinarily does not possess the legal training and expertise necessary to protect the interests of a proposed class, courts are reluctant to certify a class represented by a *pro se* litigant.  See 7A Wright, Miller & Kane, *Federal Practice and Procedure* Civil 3d § 1769.1 & n.13 (3d ed. 2005 & Supp. 2009); *see also Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) (*pro se* prisoners are not adequate representatives for a class).  The Tenth Circuit has held that while a *pro se* litigant may assert his own claims in federal court, his competence as a layperson is too limited to protect the rights of others.  *See Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000); *see also Caputo v. Fauver*, 800 F. Supp. 168, 170 (D.N.J. 1992) (holding that "[e]very court that has considered the issue has held that a prisoner proceeding *pro se* is inadequate to represent the interests of his fellow inmates in a class action")(citations omitted).  The Court also must take note of the logistical and administrative constraints *pro se* inmate litigants experience,

which severely restricts their ability to investigate class claims and contact class members.  Because the putative class representatives are proceeding *pro se*, the Court finds that class certification is inappropriate.  Accordingly, it is

ORDERED that Mr. Kherdeen shall cure the deficiencies designated in the March 6, 2014 Order, **within thirty (30) days of this Order**, by submitting a certified copy of his inmate account statement for the six-month period preceding his filing, along with an authorization for disbursement of funds from his inmate account to pay the $350.00 filing fee.  These forms are attached to the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and can be obtained at www.cod.uscourts.gov.  It is

FURTHER ORDERED that if Plaintiffs fail to cure the designated deficiencies **within thirty days from the date of this Order** and fails to show good cause for the same, the action will be dismissed without further notice.  **If Plaintiff is unable to obtain a certified copy of his inmate account statement from federal officials, he must file a document with the Court detailing his specific efforts to comply with this Order and the specific actions of named individuals who refused to provide him with the account statement**.  It is

FURTHER ORDERED that the "Motion to Order Prison Officials at ICE and GEO to Prepare and Deliver to Plaintiff a Certified Copy of Trust Account Statement" (ECF No. 10) is DENIED WITHOUT PREJUDICE.  It is

FURTHER ORDERED that the "Motion for Certification as Class Action Pursuant to F.R.C.P. 23 and Request for Jury Trial" (ECF No. 11) is DENIED.

DATED June 12, 2014, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge