IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00678-LTB

MAZEN J. KHERDEEN,

    Plaintiff,

v.

BARACK HUSSEIN OBAMA, et al.,

    Defendants.

ORDER DENYING MOTION FOR RECONSIDERATION

This matter is before the Court on the "Motion to Alter or Amend 'Dismissal Order Without Prejudice' Pursuant to Fed. R. Civ. P. 59(e)" (ECF No. 23), filed *pro se* by Plaintiff , Mazen J. Kherdeen, on August 7, 2014.  The Court must construe the document liberally because Mr. Kherdeen is not represented by an attorney.  See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  For the reasons discussed below, the motion will be construed liberally as a motion for reconsideration.

A litigant subject to an adverse judgment who seeks reconsideration by the district court of that adverse judgment may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)."  *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991).  A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered.  See Fed. R. Civ. P. 59(e).  A motion to reconsider filed more than twenty-eight days after the final judgment in an action should

be considered pursuant to Rule 60(b).  *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the limit set forth under Rule 59(e)).  Plaintiff's motion to reconsider was filed 16 days after a Final Judgment was entered dismissing this action on July 22, 2014.  Therefore, the motion will be construed as a motion to reconsider filed pursuant to Fed. R. Civ. P. 59(e).

"Grounds warranting a motion to reconsider [under Rule 59(e)] include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Resources Corp.*, 57 F.3d 941, 948 (10th Cir. 1995)).

**I. Procedural Background**

Mr. Kherdeen, who was detained at Aurora Detention Center in Aurora, Colorado, at the time of filing, initiated this action on March 4, 2014, by submitting a Prisoner Complaint pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971).  The action was dismissed on April 15, 2014, because Plaintiff failed to comply with a March 6, 2014 Order directing him to cure deficiencies.  (ECF No. 5).

On May 23, 2014, Mr. Kherdeen filed a motion for reconsideration of the April 15 dismissal order.  Plaintiff asked the Court to reinstate this action because prison officials interfered with his efforts to comply with the March 6, 2014 Order directing him to cure deficiencies and, therefore, his failure to meet the court-ordered deadline was beyond his control.  In a June 4, 2014 Order (ECF No. 17), the Court concluded that Mr.

Kherdeen's factual allegations in the motion for reconsideration demonstrated that Plaintiff made diligent efforts to comply with the Court's March 6 Order, but his efforts were thwarted repeatedly by prison officials. The Court further found that Plaintiff had submitted documents to the Court in an attempt to comply with the March 6 Order. As such, the Court determined that the interests of justice warranted the reinstatement of this action, with respect to Plaintiff Kherdeen.[1]

After this case was reinstated, Magistrate Judge Boyd N. Boland issued an order on June 12, 2104 (ECF No. 18), directing the Mr. Kherdeen to comply with the March 6, 2014 Order to cure deficiencies. Specifically, Magistrate Judge Boland instructed Plaintiff that his Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 did not include the necessary attachments, *to wit*, the form authorizing the disbursement of filing fee payments from Plaintiff's inmate trust fund account, and a certified copy of Plaintiff's inmate account statement showing account activity for the six months preceding this filing. (*Id.*).

In the June 12 Order, Magistrate Judge Boland ordered the Plaintiff to cure the deficiencies designated in the March 6 Order within thirty (30) days by submitting a certified copy of his inmate account statement for the six-month period preceding his filing, along with an authorization for disbursement of funds from his inmate account to pay the $350.00 filing fee. (ECF No. 18). The Court reminded Plaintiff that the necessary forms are attached to the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and can be obtained at www.cod.uscourts.gov.

---

[1] The Complaint was filed by Plaintiffs Mazan J. Kherdeen and Jim Khen. Because Mr. Khen did not seek reconsideration of the dismissal order, the action was not reinstated with respect to him.

(*Id.*).  Magistrate Judge Boland warned Plaintiff in the June 12 Order that if he failed to cure the designated deficiencies within thirty days and failed to show good cause for the same, the action would be dismissed without further notice.  (*Id.*).  Magistrate Judge Boland further instructed Plaintiff that if he was unable to obtain a certified copy of his inmate account statement from federal officials, he must file a document with the Court detailing his specific efforts to comply with this Order and the specific actions of named individuals who refused to provide him with the account statement.  (*Id.*).

On June 16, 2014, Plaintiff filed a "Notice of Identified Defendants Under John Doe 1 to 1000 and Jane Doe 1-1000" (ECF No. 20), but he did not comply in whole or in part with the June 12 Order.  Accordingly, on July 22, 2014, the Court dismissed this action without prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for the failure of Plaintiff to comply with the June 12, 2014 order directing him to cure deficiencies.  (ECF No. 21).

**II.  Analysis**

In the motion for reconsideration, Plaintiff states that "[s]ince his arrival at the new prison that is under the control and management by ICE and CCA, Plaintiff repeatedly requested a trust account statement from both of them to no avail."  (ECF No. 23, at 13).  He also submits copies of request for assistance forms, dated June 23 and August 12, 2014, in which he asks his unit manager for a certified copy of his prisoner trust fund account statement.  (*Id.* at 15, 16).  Plaintiff states that he has been unable to obtain a certified copy of his inmate account statement, but he has provided the Court with an uncertified copy, printed on July 2, 2014, showing a negative balance in his inmate account.  (*Id.* at 23, 24).  He has also submitted a release of funds

4

authorization form dated July 25, 2014. (*Id.* at 25).

Although Mr. Kherdeen has demonstrated an ongoing problem in obtaining a copy of his inmate trust fund account statement from prison officials, he did not attempt to comply with the June 12 Order before this action was dismissed on July 22. Plaintiff was specifically warned in the June 12 Order that if he was unable to obtain a certified copy of his inmate account statement from federal officials, he must file a document with the Court detailing his specific efforts to comply with this Order and the specific actions of named individuals who refused to provide him with the account statement. However, Mr. Kherdeen did not file the requisite documentation, or move for an extension of time, before this action was dismissed on July 22, 2014. Instead, he filed only a "Notice of Identified Defendants under John Doe 1 to 1000 and Jane Doe 1 to 1000" on June 16, 2014 (ECF No. 20). Mr. Kherdeen has not articulated any reason for his failure to advise the Court, within the thirty-day deadline, that he would not be able to comply with the June 16 Order.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Kherdeen has not demonstrated why the Court should reconsider and vacate the order dismissing this action.

Plaintiff is reminded that the dismissal was without prejudice and that he may file a new civil rights action if he desires. Accordingly, it is

ORDERED that the "Motion to Alter or Amend 'Dismissal Order Without Prejudice' Pursuant to Fed. R. Civ. P. 59(e)" (ECF No. 23), filed on August 7, 2014, which the Court has liberally construed as a motion for reconsideration under Fed. R. Civ. P. 59(e), is DENIED.

DATED at Denver, Colorado, this   26th   day of    August    , 2014.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court